Taylor *vs.* Cook *et al.*

SPEER & STEWART, for the motion.

No appearance *contra.*

---

MARTHA S. TAYLOR, plaintiff in error, *vs.* GEORGE W. COOK *et al.*, defendants in error.

Affidavits used upon the hearing of a motion for an injunction must be incorporated in the bill of exceptions; if attached to or embraced in the record, without any identification by the chancellor, the writ of error will be dismissed. (R.)

Injunction. Practice in the Supreme Court. Before the Supreme Court. January Term, 1874.

When this case was called, counsel for defendants moved to dismiss the writ of error because the affidavits used upon the hearing of the motion for injunction were not embraced in the bill of exceptions. The papers showed the following facts:

The certificate of the chancellor to the bill of exceptions states that it "contains all the evidence (with the reference to that certified with the record, and as a part of the same,) material to a clear understanding of the errors complained of, with the qualification above stated; and the clerk of the superior court of Spalding county is hereby required and ordered to make

out a complete copy of the record in said case, together with a copy of the evidence introduced by the parties on the hearing before me, as a part of said record, and certify the same as such, and cause the same to be transmitted," etc. The bill of exceptions recited that certain affidavits were read before the chancellor, " which evidence introduced by the complainant and defendants, she (plaintiff in error) prays may be certified by the clerk of the superior court of said county, together with the bill and answer and cross-bill, and that the same may be a part of the record in this case, and be so certified, with leave to refer to the same with all other matters and things which may be certified as a part of said record, as a part of this, her bill of exceptions."

To the record of the case were attached numerous and voluminous affidavits, which were followed by the usual certificate of the clerk.

The court sustained the motion, enunciating the principle embraced in the above head-note.

D. N. MARTIN ; T. W. FLYNT, for plaintiff in error.

SPEER & STEWART, for defendants.